# United States Court of Appeals

### For the Eighth Circuit

———————————————

No. 16-2994

———————————————

James River Insurance Company

*Plaintiff - Appellee*

v.

The Interlachen Propertyowners Association; Kuepers Construction, Inc.

*Defendants - Appellants*

———————

Appeal from United States District Court
for the District of Minnesota - Minneapolis

———————

Submitted: March 7, 2017
Filed: April 17, 2017
[Unpublished]

———————

Before WOLLMAN, MELLOY, and SHEPHERD, Circuit Judges.

———————

PER CURIAM.

The Interlachen Propertyowners Association and Kuepers Construction, Inc. appeal the district court's[1] grant of summary judgment in favor of Kuepers's insurer, James River Insurance Company.

In 2011, Interlachen sued Kuepers in state court alleging design and construction defects in a townhome complex that Kuepers had built in Crow Wing, Minnesota. James River agreed to defend Kuepers under its professional liability insurance policy. Though the policy covered only design defect claims, James River continued defending Kuepers even after the design defect claims were dismissed. The remaining construction defect claims went to trial, and a jury awarded Interlachen $2.147 million in damages. Kuepers appealed. In order to stay execution of the judgment pending appeal, Kuepers demanded that James River post a $2.147 million supersedeas bond. James River refused, asserting that it had no obligation to finance an appeal of claims not covered in the liability policy. Meanwhile, Interlachen appealed the dismissal of its design defect claims, seeking to reinstate those claims against Kuepers. Less than one week later, Kuepers and Interlachen executed a Miller-Shugart agreement[2] in which Kuepers stipulated to a $2 million judgment on the design defect claims in return for Interlachen's pledge to seek recovery of the judgment solely against James River. Interlachen subsequently withdrew its notice of appeal.

------

[1]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

[2]Named after the Minnesota Supreme Court's decision in Miller v. Shugart, 316 N.W.2d 729 (Minn. 1982), a Miller-Shugart agreement arises where an insurer abandons its insured by denying its duty to defend the insured under the terms of a policy. Am. Family Mut. Ins. Co. v. Donaldson, 820 F.3d 374, 377 n.3 (8th Cir. 2016). The abandoned insured and the plaintiff then stipulate to a judgment against the insured in exchange for the plaintiff's promise to release the insured from personal liability and to seek coverage from the insurer. Id.

When James River learned of the <u>Miller-Shugart</u> agreement, it commenced this action in federal district court seeking a declaration that the agreement was unenforceable. The district court agreed, concluding that (1) James River never breached its policy or abandoned its duty to defend Kuepers, (2) Kuepers did not provide James River notice of the agreement, and (3) the agreement raised legitimate concerns of reasonableness. The court entered summary judgment for James River, and Interlachen and Kuepers appealed.

Having reviewed the record and the applicable legal authorities, we agree with the district court that the <u>Miller-Shugart</u> agreement was not enforceable against James River. Accordingly, we affirm. <u>See</u> 8th Cir. R. 47B.

_____